FRENCH v. HOFFMIRE et al.

(City Court of New York, General Term. February 3, 1897.)

PROMISSORY NOTE—INCEPTION—USURY.

An accommodation note sold by the accommodated payee at a usurious discount has no inception prior to the sale, and is therefore void in the hands of the purchaser.

Appeal from trial term.

Action by Bernhard French against John E. Hoffmire and others on a promissory note. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before FITZSIMONS, CONLAN, and McCARTHY, JJ.

Guggenheimer, Untermeyr & Marshall, for appellants.
Henry W. Helfer, for respondent.

CONLAN, J. This is an appeal from a judgment rendered in favor of the plaintiff and against the defendants by direction of the court, and from a denial of a motion for a new trial.

The action was brought to recover on a promissory note made by the defendant Hoffmire to the order of the defendant Davis, who procured the same to be discounted by the plaintiff herein. The maker alone defended, on the ground that the note was accommodation paper in the hands of Davis, the payee, and that the plaintiff discounted the same at a usurious rate of interest. That an amount in excess of the regular rate of interest was retained by the plaintiff is not disputed, but it was claimed by the plaintiff that Davis, the payee, was the agent of the makers of the note, and bound them by his representations as to the character of the note. The plaintiff testified that Davis represented the note to be business paper, and given in payment for lumber. Davis would not affirm or deny this representation.

We have examined the evidence with some care, and have been unable to find the relation of principal and broker, or agent, existing between the makers and the payee of the note, and, the case therefore is not within the rule laid down in Ahern v. Goodspeed, 9 Hun, 263. Davis was not getting the note discounted for the makers, but for his own benefit, paying his debts with the proceeds. He could not enforce payment from the makers, and it follows, therefore, that the note never had a legal inception in the hands of Davis. That its transfer to or discount by the plaintiff was not at the regular rate of lawful interest is conceded. The case, therefore, falls directly within the ruling in Eastman v. Shaw, 65 N. Y. 522. But aside from the question of usury, we think the court erred in excluding the testimony of Cokefair at folios 58–60, and the judgment should be reversed.

Judgment reversed, with costs to the appellants to abide the event. All concur.